IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS NATHANIEL JOHNS,       ) | |
|     Movant,                                  ) | |
|                                                        ) | No. 3:17-CV-2152-K |
| v.                                                          ) | No. 3:16-CR-25-K-1 |
|                                                        ) | |
| UNITED STATES OF AMERICA,   ) | |
|     Respondent.                           ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 15, 2017 (*See* 3:17-CV-2152-K, doc. 2). Based on the relevant findings and applicable law, the motion is **DENIED** with prejudice.

I.   BACKGROUND

Lucas Nathaniel Johns (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-25-K-1. The respondent is the United States of America (Government).

On January 20, 2016, Movant was charged by indictment with: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count one); and (2) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (count two). (*See* 3:16-CR-25-K-1, doc. 1.) Movant pled guilty to both counts of the indictment on April 14, 2016. (*See id.*, doc. 17.)

1

On July 27, 2016, the United States Probation Office prepared a Presentence Report (PSR) applying the November 1, 2015 edition of the United States Sentencing Guidelines Manual (Sentencing Guidelines). (*See id.*, doc. 23-1 at ¶ 20.) The PSR calculated Movant's base offense level at 32 under the drug quantity table set forth in U.S.S.G. § 2D1.1(c)(4) based on the marijuana-equivalent of the controlled substances for which Movant was accountable. (*See id.*, doc. 23-1 at ¶ 23.) Because Movant was found in possession of a dangerous weapon, two levels were added under U.S.S.G. § 2D1.1(b)(1), resulting in an adjusted offense subtotal of 34. (*See id.*, doc. 23-1 at ¶ 24.) Under the Chapter Four enhancements, Movant was found to be a career offender under U.S.S.G. § 4B1.1(a) and (b)(2) based in part on prior state felony convictions for possession with intent to deliver a controlled substance, matching the adjusted offense level of 34. (*See id.*, doc. 23-1 at ¶¶ 7, 30.) Three levels were subtracted for acceptance of responsibility, resulting in a total offense level of 31. (*See id.*, doc. 23-1 at ¶¶ 31, 32, 33.) Movant had a criminal history score of 20 and a criminal history category of VI. (*See id.*, doc. 23-1 at ¶ 50.) Based on Movant's total offense level and criminal history category, his guideline range of imprisonment was 188 to 235 months. (*See id.*, doc. 23-1 at ¶ 89.)

The Government concurred with the PSR and Movant filed a clarification to the PSR, which was subsequently incorporated and did not impact the sentencing guideline range. (*See id.*, docs. 24, 25, 27.) By judgment entered on August 31, 2016, Movant was sentenced below the sentencing guidelines range to a total term of 180 months'

2

imprisonment, to be followed by a four-year term of supervised release.  (*See id.*, doc. 31 at 1-3; doc. 39 at 18.)  Movant did not appeal his conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

Movant filed the pending motion to vacate under 28 U.S.C. § 2255 on August 15, 2017.  (*See* 3:17-CV-2152-K, doc. 2.)  Movant appears to challenge his sentence on the basis that his prior state convictions for possession with intent to distribute do not qualify as predicate offenses for the purpose of determining career offender status.  (*See id.*, doc. 2 at 4.)  The Government responded on November 15, 2017.  (*See id.*, doc. 7.)

## II.   ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

Because Movant's §2255 motion is based on an alleged miscalculation of the applicable Sentencing Guidelines, the Court first notes that Movant was sentenced below the recommended sentencing range of 188-235 months. (*See* doc. 39 at 18.) The Court departed below the Sentencing Guidelines and sentenced Movant to the higher statutory mandatory minimum of the two counts, 180 months. (*See id.*) Even if Movant had received a sentence within the Sentencing Guidelines, his current challenge fails to raise a cognizable issue.

Movant's challenge to his sentence and conviction appears to be based on the Fifth Circuit's decision in *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by*, 854 F.3d 284 (5th Cir. 2017) (overturning *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007)). *Tanksley* was decided in the wake of the Supreme Court's decision in *Mathis v. United States*, "which clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws." *Long-Rockey v. United States*, No. 3:17-cv-853-B-BK, 2019 WL 1793142, at *1 (N.D. Tex. Apr. 2, 2019); s*ee also Mathis v. United States*, --- U.S. ----, 136 S. Ct. 2243, 2253-54 (2016). Relying on *Mathis*, the Fifth Circuit held that the Texas crimes of delivery of a controlled substance and possession with intent to deliver a controlled substance do not count as "controlled substance offenses" for purposes of the career offender provision of the Sentencing Guidelines, under which:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of

4

>  conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a); *see also Tanksley*, 848 F.3d at 352; *United States v. Hinkle*, 832 F.3d 569, 571 (5th Cir. 2016).  And today, a prior state conviction for those crimes does not count as a "controlled substance offense" under U.S.S.G § 4B1.1(a).  *See, e.g.*, *United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017).

*Tanksley*, however, is not a decision of the Supreme Court that is "substantive [ ] and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  Further, the Supreme Court explicitly stated in *Mathis*, upon which *Tanksley* relied, that it was not announcing a new rule and that its holding was based on over 25 years of prior precedent.  *See Mathis*, 139 S.Ct. at 2257; *Teague*, 489 U.S. at 301 ("a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").  Accordingly, a challenge based on *Tanksley* is one challenging on collateral review a Sentencing Guidelines calculation.

"Any claim that the Court erred when it calculated [a defendant's] guideline sentence . . . 'attacks head-on the sentencing Court's application' of the Sentencing Guidelines."  *Villa-Sanchez v. United States*, No. 3:17-cv-3457-D-BN, 2017 WL 7804729, at *2 (N.D. Tex. Dec. 22, 2017) (quoting *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)).  Such claims do not fall into the categories of "constitutional errors and other injuries that could not have been raised on direct

5

appeal" for which § 2255 proceedings are reserved. *Williamson*, 183 F.3d at 462; *see also Long-Rockey*, 2019 WL 1793142, at *2 (rejecting § 2255 claim under *Mathis*, *Hinkle*, and *Tanksley* because "[a]t bottom, [the defendant's] claim is a mere challenge of guideline calculations and is not cognizable on Section 2255 review."); *Rios v. United States*, No. 3:16-CV-2939-K, 2018 WL 6329696, at *2 (N.D. Tex. Dec. 3, 2018) (same and citing cases). Accordingly, Movant's present challenge to his sentence based on the misapplication of the Sentencing Guidelines is not cognizable under § 2255 and his motion must be dismissed with prejudice.

### III.   CONCLUSION

Considering the foregoing, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** with prejudice.

SO ORDERED.

**Signed August 29th, 2020.**

*/s/ Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE